## MAXWELL *v.* THE STATE.

I. Evidence of the conduct of one accused of crime, indicating a consciousness of guilt, is admissible against him on trial for such crime.   Where one charged with murder, and confined in jail awaiting his trial, conducts himself for the purpose of inducing the belief that he is insane, when in point of fact he is sane, such simulation of insanity is compe-

tent evidence, where on the trial he sets up in his statement that he killed the decedent to prevent the debauchery of his wife.

2. Other grounds of the motion for new trial are without merit, and the evidence supports the verdict.

OCTOBER 18, 1916.

Indictment for murder. Before Judge Thomas. Berrien superior court. June 3, 1916.

*L. E. Lastinger* and *Hendricks, Mills & Hendricks,* for plaintiff in error. *Clifford Walker, attorney-general, John A. Wilkes, solicitor-general,* and *Mark Bolding,* contra.

EVANS, P. J. Ira Maxwell was convicted of the murder of Zeke Parker, and recommended to mercy. The State introduced testimony tending to show that in the early part of the night a witness saw the flash and heard the report of a pistol discharged near the home of the defendant. Shortly thereafter the decedent was found lying in the public road, about a hundred yards from the house of the defendant, suffering from a mortal wound. He was carried to the house of a relative near by, where he died that night. Just before death, and while in articulo mortis, he declared that the defendant had shot him. In his statement to the jury the prisoner admitted the shooting, but declared that he shot the defendant to prevent the debauchery of his wife. He said that he came home sick and informed his wife that he was going up town to a drugstore to get some medicine, but, instead of going after medicine, he crawled under his house. Within half an hour he heard some one enter his home. He then pushed open the back door, and saw the decedent, whom he had warned to keep away from his home, in bed with his wife. As decedent jumped to the floor defendant fired on him. The defendant also submitted testimony tending to show that the decedent ran from the direction of his house after the pistol shot was heard, and fell in the road where he was found.

1. Over objection the prosecution was allowed to prove that the defendant after his arrest, and while confined in jail on the charge of murder, had created much disorder; had beat the doors; had thrust his head against the walls of his cell, so as to cause some effusion of blood; had inflicted on his throat a cut with a piece of glass; and had declared at the time that he was crazy or going crazy. The jail physician, who examined the defendant, and the jailer testified that in their opinion the defendant was only

simulating insanity. The conduct of a person accused of crime, from which may be drawn an inference of a consciousness of guilt, is admissible in evidence as a circumstance to be considered by the jury in drawing the ultimate conclusion as to the defendant's guilt or innocence. The most common instances of the application of this general rule are those where it was permitted to be shown that immediately after the commission of the crime the defendant fled and eluded arrest, or attempted to escape to evade a threatened prosecution. For the same purpose, confusion, prevarication, embarrassment, or stolidity on the accused's part, when charged with crime, may be put in evidence against him. 2 Wharton's Crim. Ev. § 751. As remarked by Professor Wigmore: "The kinds of behavior which may properly suggest such a cause are beyond enumeration; they are as various and as changeable as men's dispositions and emotions. No conduct is conclusive; but, on the other hand, no conduct is entirely without significance, greater or less according to the circumstances." 1 Wigmore, Ev. § 273. Many judges have inveighed against the fallibility of this kind of testimony, but have seldom rejected it as incompetent. In this case the defendant admitted the homicide, and the vital issue presented by his statement and the evidence was whether he took the life of the decedent to prevent the debauchery of his wife. If he feigned insanity while awaiting trial for the murder of the decedent, ought not the jury to have knowledge of such conduct in determining whether his defense on the trial was the truth of the case, or a mere afterthought,—a real defense or a false one, adopted by him as being more plausible than that of feigned insanity? We think so, and agree with the trial judge in receiving the evidence as competent.

2. The other points made in the motion for new trial have been settled by adjudications of this court, and a restatement of the rulings would only encumber the record. The evidence was sufficient to authorize the verdict.

                 *Judgment affirmed. All the Justices concur.*